**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sergio LEYVA–SOLANO, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Sergio Leyva–Solano, aka Sergio Leyv, Defendant—Appellant.**

No. 04–10359, 04–10362.
D.C. Nos. CR–00–01015–1–SMM, CR–04–00149–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Timothy C. Holtzen, Jacki Lynn Ireland, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

John W. Rood, III, Phoenix, AZ, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Sergio Leyva–Solano appeals the sentence imposed following his guilty plea to unlawfully entering the United States after having been previously deported in violation of 8 U.S.C. § 1326, and imposed following the revocation of his supervised release.

Leyva–Solano's Sixth Amendment challenge to his sentencing enhancement under U.S.S.G. § 2L1.2(b) remains foreclosed after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Leyva–Solano was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez,* 419 F.3d at 916 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).